IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| BEN BAKER, Individually, and on behalf of a class of all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HERITAGE LIFE INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CASE NO. 4:05–CV128 ) ) ) ) ) ) |

---

**MOTION TO STRIKE BRIEF OF *AMICUS* CURIAE
IN OPPOSITION TO DEFENDANT AMERICAN HERITAGE
LIFE INSURANCE COMPANY'S MOTION TO DISMISS**

---

COMES NOW, Defendant, American Heritage Life Insurance Company, Inc. ("AHLIC"), and moves this Court to strike the Brief of *amicus curiae*, Jason Crawford and the law firm of Butler, Wooten, Daugherty, and Crawford, L.L.P. (hereinafter "Crawford"), filed in Opposition to AHLIC's Motion to Dismiss. In support thereof, AHLIC shows unto the Court as follows:

1. On December 30, 2005, Crawford filed a *Motion for Permission to File Amicus Brief* and commensurate *Brief of Amicus Curiae in Opposition to Defendnat American Heritage Life Insurance Company's Motion to Dismiss*. Crawford posits two grounds for their inclusion as *amicus curiae* in the above case:(1) Crawford is class counsel of two "substantively identical" cases (Toole v. J.M.I.C. Life Ins. Co., No. SU2003CV246 and Lee v. Life Investors Ins. Co. of America, No. 03–15180); and (2)

based upon the knowledge gleaned from the aforementioned cases, "[Crawford] possess a significant amount of expertise concerning the credit industry's practices and procedures with respect to refunds of unearned premiums."[1] *Motion for Leave*, ¶ 2. Toole is a hotly contested case filed in Georgia Superior Court. The trial court's rulings denying JMIC"s motion for summary judgment and certifying a nationwide class are before the Georgia Court of Appeals (Case Number A06A0992). Like the case at bar, it involves the interpretation of O.C.G.A. §33–31–9(c). Lee, on the other hand, is a class action certified in Minnesota. It also involves credit insurance. Both Lee and Toole were cited in the putative class counsel's opposition to AHLIC's Motion to Dismiss.

2. It has been held that an *"amicus curiae"* or, "friend of the court," acts to serve the benefit of the court by providing supplementary assistance to existing counsel in order to ensure a complete and plenary presentation of difficult issues so that the court may reach a proper decision. U.S. v. Gotti, 755 F. Supp. 1157 (E.D.N.Y. 1991). Inasmuch as an *amicus* is not a party and "does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the facts, extent, and manner of participation by the *amicus*." News and Sun–Sentinenl, Co., v. Cox, et al., 700 F.Supp. 30, 31 (S.D. Fla. 1988).

---

[1] AHLIC would submit to this Court that Crawford is not an expert, as the same pertains to the insurance industry's practices and procedures, and should not be viewed as such. See *Mot. for Leave*, ¶ 2 (claiming that Crawford's "expertise" can assist the Court with its analysis of this case). Jason Crawford is simply counsel for a class of plaintiffs in a related case. He is not employed by an insurance company nor has he worked in the insurance industry. Crawfords's "expertise" is based entirely upon his involvement as plaintiff's counsel in the above cases. This hardly qualifies as "expertise" and the Court should acknowledge that, as class counsel, he is not an insurance expert. Moreover, under relevant law, he should not be allowed to testify or act in a functionally similar role as an expert witness. See Konikov v. Orange County, Florida, et al., 290 F.Supp.2d 1315, 1318 (M.D. Fla. 2003) (holding that it "would be inappropriate for a lawyer, as an expert witness, to testify before a jury about matters of domestic law.").

3.  The United States District Court for the Middle District of Geogia has yet to articulate a standard governing the filing of *amici* briefs.  Specifically, "[a] provision of the Federal Rules of Appellate Procedure governs the filing of *amicus* briefs in cases on appeal, Fed. R. App. P. 29.  There, however, exists no parallel provision in the Federal Rules of Civil Procedure or this Court's local rules to regulate the filing of an *amicus* brief in this District Court." DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001); see also Resort Timeshare Resales, Inc. v. Stuart, 764 F.Supp. 1495, 1499 (S.D. Fla. 1991).

4.  In the absence of a rule governing their filing, the "decision whether to allow a non–party to participate as an *amicus curiae* is solely within the broad discretion of the Court." Dejulio, 127 F.Supp.2d at 1284.  It has been stated, however, that "acceptance of an ... *amicus curiae* should be allowed only **sparingly**, unless the *amicus* has a special interest, or unless the Court feels that existing counsel needs assistance." News and Sun–Sentinel Co. v. Cox, et al., 700 F.Supp. at 31. (Emphasis added).  The overall tenor of the foregoing is amplified by Rule 36, Sup.Ct.R. , which provides that when filing an *amicus curiae* brief before the United States Supreme Court, "a motion for leave to file [ an *amicus brief*] when consent has been refused is ***not favored***."  (Emphasis added).

5.  Courts have distilled the above precepts into a singular, dispositive issue: whether the brief will assist judges by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs. Voices for Choices v. Illinois Bell Telephone Co., 339 F.2d 542 (7th Cir. 2003).  As will be shown below, Crawford fails to satisfy the foregoing criterion, thereby mandating that Crawford's *amicus* brief be stricken.

6. At the outset it should be noted that counsel for both parties are accomplished and experienced in the areas of statutory interpretation and insurance law. Moreover, Plaintiff's counsel has been certified as class counsel in a "similar putative class action pending in Tennessee against another insurer" involving a "nearly identical" Tennessee law to that of O.C.G.A. § 33–31–9. *Plaintiff's Mot. to Dismiss*, ¶ 5, n.2. By extension, then, the putative class counsel is experienced and well versed in the issues presented in this case.

7. The proficiency of counsel is buttressed when acknowledging the legal issues in dispute. This case is principally one of statutory interpretation. Despite what Crawford would have us believe, this case is not a case regarding the practice and procedures of the credit life insurance industry. The fact that Crawford has "gained a significant amount of information concerning the credit industry's practices and procedures" is wholly irrelevant to the issue presented in AHLIC's Motion to Dismiss. *Mot. for Permission to File Amicus Brief*, ¶ 2. Thus, Crawford cannot demonstrate that "existing counsel needs assistance" as required by the Court in News and Sun–Sentinal, supra. Crawford's inability to provide any information or novel argument which will serve the benefit of the court dictates that the *amicus* brief should be disregarded.

8. In News and Sun–Sentinel, the Southern District Court of Florida granted Plaintiff's motion to strike the Miami Herald Publishing Company's motion for leave to file an *amicus* post–trial memorandum based, in part, because "the Court finds that counsel for both [plaintiff] and [defendant] have done a satisfactory job in their presentations..." 700 F.Supp. at 31; see also United States v. Gotti, 755 F.Supp. 1157 (E.D.N.Y. 1991)

(denying movants' motion for leave to act as *amicus curiae* on the grounds that "the parties are well represented and [...] their counsel do not need supplemental assistance."). Because existing counsel does not need additional support, Crawford's brief runs afoul of existing law and should be stricken.

9. Not only does Crawford's brief fail to offer assistance to either party, but the brief fails to cite to any novel legal theory or undiscussed case law. The parties' briefs cite nearly one hundred cases, each brief construed the same Georgia Code provisions, and each brief addressed the rules of construction governing the same. It is clear that the issues have been sufficiently addressed. Crawford's brief is simply a regurgitation of putative class counsel's brief and, as such, is due to be stricken. Voices for Choices, 339 F.3d at 544 ("...judges will deny permission to file a brief that essentially duplicates a party's brief).

10. Though Crawford's brief makes for interesting reading, see *Brief of Amicus Curiae*, ¶¶ 8, 14 (imploring the court that "actions speak louder than words" and that "[d]isgorging money that belongs to the class is not the kind of "harm" the law will prevent"), it does not reflect legal scholarship on the issues before the Court. More importantly, given that Crawford files the brief not as a party, but as *amicus curiae*, it is not the kind of submission permitted by Federal courts. Relevant case law makes it quite clear that an *amicus* brief must "supplement and assist the judges" in the resolution of the issues presented. Because Crawford has failed to add anything of substance to this case, they have failed in their most basic duty as an *amicus* curiae–to show that their brief will assist the Court by presenting ideas, arguments, and theories that are not found in the parties'

briefs. See Voices for Choices v. Illinois Bell Telephone Co., et al., 339 F.3d 542, 545 (7th Cir. 2003) (noting that the criterion for deciding whether to permit the filing of an *amicus* brief is: "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or date that are not to be found in the parties' briefs."). The continued inclusion of Crawford's brief will only act to muddy the issues and unnecessarily burden the Court.

11. Rather than assisting the court in addressing the issues presented in the case at bar, Crawford has co–opted their position as *amicus curiae* to further their position as class counsel in Toole. Crawford's brief is essentially their attempt to litigate Toole through the federal district court system. This is apparent from even the must cursory of readings of Crawford's brief. Crawford makes it clear that their position is not to assist the court, but to garner a favorable ruling to bolster their interests in Toole and other cases. Crawford should not be allowed to use this forum as a sounding board to support their efforts in Toole.

12. Finally, Crawford has failed to receive the permission of counsel to file the *amicus* brief; as such, this Court should allow the continued inclusion of the brief for only the most compelling of reasons. It has been held that it "may be thought particularly questionable for the court to accept an *amicus*...where the joint consent of the parties to the submission by the *amicus* is lacking." Gotti, 755 F.Supp. at 1159, citing Stasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970). Crawford has not stated a reason sufficient to ignore this case law. Consequently, Crawford's *amicus curiae* brief is due to be stricken.

WHEREFORE, PREMISES CONSIDERED, Defendant American Heritage Life Insurance Company, Inc., respectfully requests the Court to strike the brief of *amicus curiae*.

Respectfully submitted,

/s/ *Charles D. Stewart*

Charles D. Stewart (ASB 7467–T63C)
Howard K. Glick (ASB 1175–K–64H)
Attorneys for Defendants
**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:     (205) 328–4100
Fax:   (205) 324–8866
email: cds@spain–gillon.com
            hkg@spain–gillon.com


/s/ *William Scrantom*
William Scrantom
Attorney for Defendants
**PAGE, SCRANTOM, SPROUSE,
  TUCKER & FORD, P.C.**
Synovus Centre, Third Floor
1111 Bay Avenue
Columbus, GA 31901

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 6, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Teresa Thomas Abell**
  Teresa@CAGower.com

**Dustin T. Brown**
  dustin@butlerwooten.com debbie@butlerwooten.com;mary@butlerwooten.com

**Jason Lance Crawford**
  jason@butlerwooten.com debbie@butlerwooten.com;mary@butlerwooten.com

**James Clay Fuller**
  clay@butlerwooten.com debbie@butlerwooten.com;mary@butlerwooten.com

**Howard K. Glick**
  hkg@spain-gillon.com jam@spain-gillon.com

**C. Austin Gower, Jr**
  Austin@CAGower.com Jowanda@CAGower.com;Donna@CAGower.com

**Charles Austin Gower**
  Charlie@CAGower.com
  Jowanda@CAGower.com;Donna@CAGower.com;Teresa@CAGower.com

**W. G. Scrantom, Jr**
  wgs@psstf.com

**Charles Stewart**
  cds@spain-gillon.com jam@spain-gillon.com

Respectfully submitted,

/s/ *Howard K. Glick*
Howard K. Glick
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:   (205) 328–4100
Fax:  (205) 324–8866
email: hkg@spain-gillon.com
(ASB 1176–K–64H)