IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BEN BAKER, Individually and on behalf of all persons similarly situated, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | | |
| | * | CASE NO. 4:05-CV-128(CDL) |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY, | * | |
| Defendant. | * | |

O R D E R

Presently pending before the Court is Defendant's Motion to Dismiss (Doc. 2).  For the reasons set forth below, that motion is denied.  Also before the Court is Defendant's Motion to Strike the brief of *amicus curiae* (Doc. 18).  The Court already granted leave to file the brief of *amicus curiae*, and the Motion to Strike is denied. The Court previously granted the parties' motion to stay discovery pending ruling on the Motion to Dismiss (Doc. 8).  The Court orders that the stay is lifted.  The parties shall file with the Court within thirty days of today's Order a proposed scheduling/discovery order consistent with the content requirements contained in this Court's previous Rules 16 and 26 Order filed on November 28, 2005. If the parties cannot agree on a proposed scheduling order, they shall file within thirty days of today's Order a report with the Court explaining their differences.

BACKGROUND

This lawsuit is a putative class action concerning the refund of unearned premiums in credit insurance transactions.  Plaintiff

contends, *inter alia*, that Defendant breached its contractual duty to refund unearned premiums due to Plaintiff and other similarly situated individuals.[1] Plaintiff bases his claims on the following facts alleged in his Complaint. On September 23, 2004, Plaintiff purchased a truck from Tom Jumper Chevrolet in Sandy Springs, Georgia. In conjunction with the purchase and financing of the truck, Plaintiff purchased a credit life insurance policy and a credit disability policy from Defendant. Plaintiff paid a single, one-time premium for each of these insurance policies. The insurance policies provided life and disability insurance to Plaintiff and was designed to pay off Plaintiff's truck loan if Plaintiff died or became disabled during the coverage period. The coverage period correlated with the loan and was scheduled to end on the same date as the loan's maturity date, October 8, 2008. Both insurance policies provided that the insurance would stop upon termination of the loan, and the policies provided that if the insurance stopped before the end of the coverage period Plaintiff would be entitled to a refund of the unearned premium—the portion of the premium providing coverage beyond termination of the loan. In other words, Plaintiff was entitled to a refund of the unearned premium if his loan terminated before the scheduled maturity date. Such a refund is also required under Georgia law. *See* O.C.G.A. § 33-31-9(c).

Plaintiff caused his truck loan to be paid in full on July 11, 2005. Plaintiff claims that he is therefore entitled to a refund of

---

[1]Plaintiff seeks to recover against Defendant under the following theories: breach of contract; unjust enrichment; negligence in the administration of insurance policies; and willful, wanton, and intentional misconduct in the administration of insurance policies.

the unearned premium for the time period between July 12, 2005 and the loan's scheduled maturity date. Prior to the filing of this lawsuit, Defendant did not refund the unearned premium to Plaintiff. Defendant notes that, prior to filing the instant lawsuit, Plaintiff did not notify Defendant that he had caused his truck loan to be paid in full. Plaintiff represents that neither insurance policy expressly obligated Plaintiff (or notified Plaintiff of an obligation) to notify Defendant of an early payoff of the indebtedness covered by the insurance. After Plaintiff filed this lawsuit, Defendant tendered a refund of the unearned premium, which Plaintiff declined in order to preserve his status as a proper class representative.

## MOTION TO DISMISS STANDARD

Defendant moves to dismiss all of Plaintiff's claims, arguing that Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing Defendant's Motion to Dismiss under Rule 12(b)(6), the Court must construe the Complaint in the light most favorable to Plaintiff and accept Plaintiff's alleged facts as true. *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). The Court may only grant a Rule 12(b)(6) motion if it is "demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

In 2005, the Georgia General Assembly amended O.C.G.A. § 33-31-9(c) to provide that it is "the obligation of the insured to notify the insurer of the early payoff of the indebtedness which is

covered by the [credit life or credit disability] insurance."[2] The amended statute became effective on May 2, 2005. Defendant's main argument in support of its Motion to Dismiss is that Plaintiff's lawsuit is barred because Plaintiff failed to provide statutory notice of the early payoff as required by amended O.C.G.A. § 33-31-9(c). Defendant also contends that Plaintiff was required, under an implied term in the insurance policies, to notify Defendant of the early payoff. Both of these arguments fail in light of the recent opinion of the Georgia Court of Appeals in *J.M.I.C. Life Ins. Co. v. Toole*, No. A06A0992, 2006 WL 1882362 (July 10, 2006).[3]

The *Toole* case is nearly identical to the instant case. Toole, the plaintiff, purchased a credit life and credit disability policy from the defendant insurance company in conjunction with his purchase of a used car and paid a one-time premium for that policy. Like Plaintiff in this case, Toole was entitled—under the terms of the insurance policy and under Georgia law—to a refund of any unearned premium if he paid off his car loan early. And like Plaintiff here, Toole satisfied his car loan early, but his insurance company failed

---

[2] The 2005 amendment also requires insurers to provide conspicuous notice to the insured of the insured's early payoff notice obligation. O.C.G.A. § 33-31-9(c.1).

[3] Defendant contends that *Toole* is inapplicable here because the amended O.C.G.A. § 33-31-9(c) was not in effect when the plaintiff in that case purchased his insurance *or* completed the early payoff of his loan. Here, although the amended O.C.G.A. § 33-31-9(c) was not in effect when Plaintiff purchased his insurance policies from Defendant, it *was* in effect when Plaintiff caused his truck loan to be paid off early. This distinction is immaterial because, as discussed *infra*, the Georgia Court of Appeals in *Toole* found that, even if the Georgia legislature intended for amended O.C.G.A. § 33-31-9(c) to apply in that case, the plaintiff met the notice requirement by filing his lawsuit.

4

to provide him with the unearned premium refund, offering to do so only after Toole filed his lawsuit. *Toole*, 2006 WL 1882362, at *1.

The Georgia Court of Appeals in *Toole* was presented with the question whether amended O.C.G.A. § 33-31-9 applied to require pre-suit notice of the early payoff.[4] *Id.* at *2. The Court found that amended O.C.G.A. § 33-31-9 "does not purport to require notice prior to suit or within any particular time after loan payoff, and filing suit satisfies a notice requirement where the statute does not require pre-suit notice." *Id.* Therefore, the Georgia Court of Appeals found that even if amended O.C.G.A. § 33-31-9 applied in that case, the plaintiff provided sufficient notice to the insurance company by filing suit. Under that ruling, even if amended O.C.G.A. § 33-31-9 applies in this case, Plaintiff met the notice requirement by filing his lawsuit. Therefore, his claims are not barred on account of O.C.G.A. § 33-31-9.

Defendant contends that even if Plaintiff was not statutorily required to provide notice of the early payoff, he was required to make such a notification—*prior to filing suit*—under an implied term in the insurance policies. In *Toole*, the insurance company argued that there was an implied contractual notice requirement but acknowledged that "the condition to its contractual duty to provide a refund had been satisfied" when the plaintiff filed his lawsuit. *Toole*, 2006 WL 1882362, at *2. The Georgia Court of Appeals found that this acknowledgment established that, by filing suit, the

---

[4]The Georgia Court of Appeals was also presented with the question whether a notice requirement existed under former O.C.G.A. § 33-31-9 or Georgia law. Although it expressed doubt that such a requirement existed, the court did not explicitly rule on that issue. *Toole*, 2006 WL 1882362, at *2.

5

plaintiff in *Toole* satisfied "any contractual condition precedent to [defendant's] obligation to return his unearned premium." In this case, Defendant, like the insurance company in *Toole*, recognized that Plaintiff's Complaint triggered Defendant's contractual and statutory duty to provide the unearned premium refund: Within a month of receiving notice of the early payoff in this case via Plaintiff's Complaint, Defendant tendered a refund of the outstanding premium to Plaintiff. Based on this, the Court cannot conclude that there was an implied term in Plaintiff's insurance contracts requiring *pre-suit* notice of an early payoff of the indebtedness. Therefore, Plaintiff's claims are not barred by his failure to provide such pre-suit notice.

## CONCLUSION

Based on the foregoing, the Court concludes that Defendant has not demonstrated "beyond doubt" that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Accordingly, Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED, this 1st day of September, 2006.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE